**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BRIAN SPEARS,                                              No. 2:14-cv-0950-CMK-P

       Plaintiff,

  vs.                                                              <u>ORDER</u>

ADAM WEINER, et al.,

       Defendant.

_____ /

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request for reconsideration (Doc. 17) and request for additional time to file his amended complaint (Doc. 18)

       Federal Rule of Civil Procedure 60(b) provides the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  <u>See</u> Fed. R. Civ. P. 60(c)(1).

1

1    Here, plaintiff contends the court mistakenly dismissed some of his claims

2    without leave to amend where the defects are subject to cure. Specifically, he argues that his

3    claims against the County of El Dorado, his attorney and the District Attorney are subject to cure,

4    and that he attempted to state additional facts in supplemental complaints that were stricken. To

5    the extent plaintiff believes he can cure the defects in those claims, the court will allow a limited

6    attempt to do so. Based on the information before the court at this point, the court still believes

7    these claims are not subject to cure, but will allow plaintiff an attempt to plead sufficient facts to

8    cure the defects noted.

9    However, as specifically set forth in the order dismissing plaintiff's original

10   complaint, he has attempted to bring several unrelated claims against several unrelated

11   individuals. As the court previously explained, the Federal Rules of Civil Procedure allow a

12   party to assert "as many claims as it has against an opposing party," but does not provide for

13   unrelated claims against several different defendants to be raised on the same action. Fed. R. Civ.

14   Proc. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant

15   1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

16   different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir.

17   2007). Therefore, while the court will allow plaintiff an opportunity to amend his complaint in

18   order to state a claim against some of those previously dismissed, he is still limited in proceeding

19   in this action on only related claims. The varied claims against the jail, related to his

20   prosecution, against the county, for Due Process violations, and the like are unrelated and must

21   be separated in to different actions. If plaintiff's amended complaint includes all of these varied

22   and unrelated claims, it will again be dismissed. Plaintiff must chose which claims he will

23   proceed with in this action, and file an amended complaint accordingly.

24   Plaintiff further contends that the claims against court employees are subject to

25   cure under a qualified immunity argument. Judicial immunity extends to the actions of court

26   personnel when they act as "an integral part of the judicial process." See Mullis v. U.S.

2

1  Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).  The court found these defendants

2  benefit from judicial immunity, and were dismissed accordingly.  Nothing in the motion changes

3  the court's finding as to these defendants.

4           Finally, plaintiff requests additional time in which to file his amended complaint.

5  Based on the above discussion, this request is granted.  Plaintiff shall file an amended complaint

6  within 30 days of the date of this order.

7           Accordingly, IT IS HEREBY ORDERED that:

8           1.       Plaintiff's motion for reconsideration (Doc. 17) is granted in part;

9           2.       Plaintiff's motion for additional time to file an amended complaint (Doc.

10  18) is granted; and

11           3.       Plaintiff shall file an amended complaint within 30 days of the date of this

12  order.

13

14   DATED:  February 12, 2016

15

16                                           CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

3