# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SPEARS,                                              No. 2:14-cv-0950-CMK-P

        Plaintiff,

   vs.                                                    <u>ORDER</u>

ADAM WEINER, et al.,

        Defendant.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 21).

        Plaintiff's original complaint was dismissed with leave to amended. The original complaint had several defects, only some of which the court found had a reasonable chance of being cured. The court dismissed some of the claims without leave to amend, but upon plaintiff's request for reconsideration, provided Plaintiff an opportunity to file an amended complaint on some of those claims to see if he was able to cure the defects. In addition, Plaintiff's original complaint contained several unrelated claims, which Plaintiff was required to

1

limit in any amended complaint he filed. He has limited the claims, but has failed to cure the defects as discussed below.

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's amended complaint contains only those allegations relating to his criminal conviction. He alleges violations of his due process rights, and his First and Eighth Amendment rights. As he did in the original complaint, he claims his defense attorney and the district attorneys who prosecuted his criminal case conspired together to violate his due process rights and have him convicted. He claims defendant Weiner, his court appointed defense attorney, hid and manipulated discovery, intentionally delayed his due process, failed to interview, research, impeach and call witnesses, and failed to put on any defense. He alleges defendant Sudar, a deputy district attorney, abused her position and threatened witnesses.

Detective Ken Barber, who was not named in the original complaint, is alleged to be the lead detective investing Plaintiff, who threatened, intimidated, lied to, and manipulated the witnesses. Finally, plaintiff alleges Theresa Separs conspired and worked in concert with Detective Barber and defendant Sudar to ensure the conviction of Plaintiff, who was motivated by prejudice and personal financial gain.

## II. DISCUSSION

As plaintiff has limited his amended complaint, many of the issues discussed in the court's previous order have been resolved. However, plaintiff fails to resolve the issue as to whether he can state a cognizable claim for violation of his Civil Rights occurring during a criminal prosecution at this time.

Plaintiff was previously informed that § 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986). However, there are limitations.

Plaintiff is attempting to challenge the legality of his criminal prosecution by bringing a Civil Rights action against many of the individuals who were involved in those proceedings, including his defense attorney, the deputy district attorney prosecuting that action, the investigating detective, and an individual who appears to be a key prosecuting witness. As he was previously informed, there are defects[1] in raising such claims against each of these

---

[1] A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 29 (1988) (quoting United States v. Classic 313 U.S. 299, 326 (1941). Public defenders act as an advocate for their client and are not acting under color of state law for § 1983 purposes, nor are attorneys appointed by the court to represent a defendant in place of the public defender. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981). Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as

individuals. However, as he is generally challenging his conviction, such a claim is not cognizable in § 1983 unless the underlying conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-84; Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten

---

advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). Thus, it does not appear as though this action could be maintained against the individuals plaintiff has named as defendants to this action.

4

future parole consideration and not affect any earlier parole determination under the prior procedures).

The Ninth Circuit recently addressed the issue of a pro se litigant filing the incorrect action to address his claim. "[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles v. Grounds, 788 F.3d 992, 936 (9th Cir. 2015). "'If the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). However, the Court recognized that following enactment of the PLRA, "'a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.'" Id. at 935-36 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). Based on these differences, and that Plaintiff was only recently convicted and is thus unlikely to have completed any direct appeal or post conviction challenge to his conviction, the court is not inclined to recharacterize plaintiff's civil rights complaint as a habeas petition in this instance. Nor is a stay of this action feasible or authorized. See Heck, 512 U.S. at 489 (discussing the accrual of a § 1983 claim for malicious prosecution).

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this

action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.

       IT IS SO ORDERED.

DATED: September 22, 2017

       _____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE